# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, SALADINO, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant JOSEPH W. SMITH**
**United States Army, Appellant**

ARMY 20180047

Headquarters, United States Army Recruiting Command
Matthew A. Calarco and Daniel G. Brookhart, Military Judges
Colonel Rick S. Lear, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Jack Einhorn, JA; Captain Patrick G. Hoffman, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Marc B. Sawyer, JA; Captain Meredith M. Picard, JA (on brief).

12 April 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

BURTON, Senior Judge:

At trial, appellant was convicted of three separate specifications of possessing child pornography. As outlined below, and for the reasons annotated by this court in *United States v. Mobley*, 77 M.J. 749 (Army Ct. Crim. App. 2018), we merge these specifications in our decretal paragraph.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for thirteen months, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ. Appellant raises one assignment of error in his brief and several additional issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). As outlined below, one of the *Grostefon* issues merits discussion and relief.[1,2]

## LAW AND DISCUSSION

On 19 January 2018, appellant pleaded guilty to three separate specifications of possessing child pornography.[3] Each specification addressed a different "film"[4] containing child pornography. During his providence inquiry, appellant explained that he downloaded each of the charged files to his phone.

After appellant's trial, this court issued *United States v. Mobley*, which "conclude[d] that, in light of *United States v. Forrester*, 76 M.J. 479 (C.A.A.F. 2017), the allowable 'unit of prosecution' for possessing child pornography . . . is the 'material' that contains illicit videos and images of child pornography, in this case, appellant's computer." 77 M.J. at 749-50. In *Mobley*, the "videos and still images of child pornography that make up the two specifications were on the same computer" and this court elected to use its Article 66 power to "notice" the issue and consolidate the specifications as multiplicious. *Id*. at 751-52.

Upon review, appellant's case factually mirrors *Mobley*, and we choose to follow a similar course of action under Article 66. As such, we consolidate the specifications and reassess the sentence in our decretal paragraph.

---

[1] We have carefully considered appellant's assignment of error that the military judge abused his discretion in accepting appellant's guilty plea without discussing a lack of mental responsibility defense, as well as his remaining *Grostefon* issues. We find they merit neither discussion nor relief.

[2] Pursuant to our review of the record, we noticed the Staff Judge Advocate did not prepare an Addendum following appellant's submission of matters pursuant to Rule for Courts-Martial 1105 and 1106. While this would normally necessitate corrective action, the record inherently reflects that the Convening Authority both received and considered these matters prior to action. In particular, the Convening Authority directly acted on the single request contained in these matters. As such, while we do not condone such administrative oversight, we do not find any relief is warranted.

[3] Appellant was originally charged with two additional specifications of possessing child pornography related to digital images. Pursuant to the pretrial agreement, these specifications were dismissed during trial.

[4] At trial, the charged "film[s]" were discussed by the parties in the context of digital video files. Accordingly, we do too.

**CONCLUSION**

Specifications 3, 4, and 5 of The Charge are consolidated into Specification 3 of The Charge as follows:

> In that Staff Sergeant Joseph W. Smith, U.S. Army, did, at or near Fort Knox, Kentucky, on or about 14 March 2017, knowingly and wrongfully possess child pornography, to wit: three films of a minor or what appears to be a minor, engaging in sexually explicit conduct, such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed services.

The finding of guilty of Specification 3 of The Charge, as consolidated, is AFFIRMED.

We reassess the sentence in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), and we are confident the military judge would have adjudged a sentence at least as severe as the approved sentence absent the error described above. Most notably, while the consolidation of the specifications reduces appellant's punitive exposure, the gravamen of the criminal conduct remains substantially the same.

Reassessing the sentence based on the noted error and the entire record, we AFFIRM the approved sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), and 75(a).

Judge SALADINO and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court